The court took time 'to consider, and Chancellor J ames afterwards delivered the decree of the court.
appf(cation on the part of complainant is for a per», petual injunction against an action at law, brought by the defendant against him on a bond given by John, Edward and Hugh Rutledge, to the defendant, as attorney of William Higginson, survivor of Greenwood and Higgin-son. His principal grounds for obtaining the injunc-'don, are:
1st; That he is only surety, and not principal in the bond.
2d. That the bond was dated the 8th of April, 1793, and payable in five equal annual instalments, and consequently suable when the first instalment became due ; but ■that defendant never put the bond in suit against the principal, until April, 1800, when he was insolvent, though be had been required to do so by the complainant, abmA *405 fourteen months after the last instalment became due. That defendant therefore has been guilty of such great la-ches, as to exonerate complainant from his suretyship.
3d. That defendant has changed the nature of the original contract, by a new agreement made with complainant, and by receiving thereon a part of the debt on the bond.
On the other hand, the defendant has alleged, 1st, that the original debt for which the bond was given, was partly for monies advanced to the complainant for his education and necessaries while a minor in England : that therefore he is a principal and not a surety to the bond* 2d. That he never .changed the nature of the original contract, by entering into a new agreement with complainant, and by receiving thereon a part of the debt on the bond.
In the case of Butler vs. Hamilton, it has been decided by the court, that equity will give relief to a surety, where the obligee has not used due diligence to recover his debt from the principal in the first instance, and has refused or neglected to comply with the surety’s request to use that diligence ; and also where the obligee has extended the credit longer than the parties contracted for against the surety’s consent; but • it likewise appears from that case, that it is incumbent on the surety before he can expect relief, to apply to the obligee and require him to sue the principal. However, before we -go into the inquiry, whether the complainant in this case is entitled to relief, upon the grounds stated in his bill, it will be necessary to examine whether he was really a surety to the bond, for if he was a principal, there is at once an end of the question on the second ground. -The bond is joint and several, and nothing appears on the face of it to shew that complainant was a surety. But to prove him a principal, the defendant has produced the original account for which the bond was given, and from this it appears that the debits and credits were made in the name of John Rutledge, but many of the items on the debtor side, are for monies advanced to complainant and his brother. Being jointly charged in the account, there then *406 arises a presumption, that they were also joint principals in the bond; but the onus probandi, lies upon the com-. piajnant ■ and to make out his case to the satisfaction, of the court, it was incumbent on him to prove that he was a surety^ yve are therefore of opinion, that complainant is not entitled to relief on the ground of his being only surety. It will of course become needless to examine his second ground. But it is urged in his third ground, that defendant has changed the nature of the original contract, by a new agreement; and therefore that he has released complainant from his bond. Now if the premises are proved, the conclusion will follow. Let us then examine. Complainant states in his bill, that having conversed with Mr. Edward Rutledge on the subject of the bond, they agreed together that Edward Rutledge shAuld pay 1000/. and assume the balance of the debt; and that complainant should pay defendant the nett amount of his crop for the year 1799; which agreement was communicated to defendant by letter, and that he acceded thereto. To prove this, complainant has produced his letter which con<-tains no more than the proposition on his part. But defendant in his answer, denies that he ever acceded to the proposition contained in this letter. Complainant’s allegation being thus denied by the answer, and no proof being brought to contradict it, according to a well known rule of this court, we are obliged to give full credit to the answer. Complainant then having failed to prove that he was only a surety and not a principal; and having also failed in his proof, that defendant has released him from the bond; and these being, in the opinion of the court, only strong grounds alleged in his behalf,
We are therefore obliged to decide that he is not entitled to the relief prayed for by the bill. Wherefore it is • ordered and decreed that the injunction in this case be dissolved, and that complainant do pay the costs of this suit.